| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 4:21 CR 429 RLW (JMB) |
| | ) | |
| BRIAN WALLACE, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S POST-HEARING BRIEF IN SUPPORT OF MOTION TO SUPPRESS

COMES NOW, Brian Wallace ("Wallace"), by and through counsel, Joel J Schwartz, hereby moves this honorable Court to suppress any and all evidence seized from the vehicle in which he traveled and exclude from trial any testimony regarding the search as the product of an improper search and seizure in violation of the Fourth Amendment. In support of this motion, Wallace states as follows:

## INTRODUCTION

On September 1, 2022, this Court held a hearing on Wallace's Motion to Suppress. Thereafter, this Court ordered Wallace's post-hearing memorandum to be filed no later than fourteen (14) days following the filing of the hearing transcripts. In response, Wallace files the instant memorandum and, based on testimony offered at the hearing, supplements his arguments to suppress evidence seized and statements derived from the warrantless search of Wallace's vehicle because the search was in violation of the Fourth Amendment.

**ARGUMENT**

**I.     Wallace did not voluntarily consent to search his vehicle.**

The Eighth Circuit has stated that a warrantless search is valid under the Fourth Amendment if it "conducted pursuant to the knowing and voluntary consent of the person subject to a search." *United States v. Sanders,* 424 F.3d 768, 773 (8th Cir. 2005). That "issue turns not on the defendant's subjective state of mind, but on whether the officer reasonably believed the defendant consented." *United States v. Megallon*, 984 F.3d 1263, 1280 (8th Cir. 2021). In essence, the question is "whether it was reasonable for the officer to believe that the suspect gave him permission to search the requested item." *Id.* Whether an individual's consent was voluntary, or instead was "the product of duress or coercion," is a "question of fact to be determined from the totality of all circumstances." *Bustamonte,* at 227. When considering the totality of the circumstances to evaluate whether consent was voluntary, the Eighth Circuit analyzes, among other factors, whether the police made promises or misrepresentations and whether the individual was in custody or under arrest when consent was given. *United States v. Carr,* 895 F.3d 1083, 1089 (8th Cir. 2008).

In the instant case, the evidence shows that, given the totality of the circumstances, no reasonable officer could have believed that the search was justified by consent given voluntarily. At the evidentiary hearing, Krause testified that the way he normally worded a request for consent to search, and how he claimed to do so here, is "mind if I have a look?" (Transcript p. 31). However, contrary to Krause's testimony, it is clear that, in the body camera footage, Krause in fact stated "let's have a look and I'll get you on your way," which was not a request for consent to search. That was a directive, an order that Krause would be conducting a search. In fact, this follows a series of directives that were actually phrased as questions. During his initial

2

interaction with Wallace, Krause asked "could you come out [of the truck] and talk to me real quick." *Id.* at 27. Krause testified that, even though the directive was phrased as a question, "he had no choice" but to step out of the truck. *Id.* Once Wallace was out of the vehicle, Krause stated "I'm just going to pat you down real quick, okay?" *Id.* at 28. Krause testified that Wallace, again, had no choice in that matter. *Id.* Krause then asked Wallace "could you put your hands on the truck?". *Id.* Krause testified that that statement sounded like a question, but Wallace did not in fact have any choice in the matter. *Id.* Krause then testified that he instructed Wallace to walk towards Krause's vehicle to talk further. *Id.* at 30. Krause further testified that while the prior statements are worded as questions, they were in fact directives. *Id.* at 32.

Finally, Krause testified that, after Wallace stated he had no weapons in the vehicle, he requested consent to search Wallace's vehicle by asking "mind if I have a look and I'll get you on your way." *Id.* at 31. However, the body camera footage wholly contradicts Krause's testimony. Krause can be heard clearly stating to Wallace "let's have a look and I'll get you on your way." That statement is not a request for consent to search. Rather, Krause issued a directive that he would conduct a search and then let Wallace go. Given the totality of the circumstances, namely the numerous directives preceding the directive "let's take a look," no reasonable officer could have believed the search was justified by consent given voluntarily.

Additionally, in the Government's response to Wallace's Motion to Suppress, the Government interprets *U.S. v. Escobar* too narrowly. *Escobar* does stand for the lesser principle that consenting to an untruthful claim of lawful authority is not consensual. However, that follows from the greater principle that "police may not, however, convey a message that compliance with their requests is required." *U.S. v. Escobar,* 389 F.3d 781, 786 (8th Cir.2004). Here, Krause issued a directive that he would conduct a search of Wallace's vehicle and let him

leave. That was not a request for consent. In fact, at the evidentiary hearing, Krause denied stating "let's have a look and I'll get you on your way." Krause testified that he asked, "mind if I take a look and I'll get you on your way?" which is clearly contradicted by the video. Krause attempted to change his actual statement in the video because it was in fact a directive and not a request for consent.

Furthermore, in *U.S. v. Gastelum*, the Eighth Circuit stated that the issue was weather an objectively reasonable officer could believe there was consent. *Gastelum,* 11 F.4th 898, 904 (8th Cir. 2021). In that case, the officer testified that when he said, "you don't mind?", "you don't care?", "that's fine?" he was repeating what the driver said. *Id.* at 900. Later, the Court said that these were questions and that the driver responded affirmatively, *Id.,* and ultimately held that the officer obtained proper consent by expressly asking multiple times whether he could search the defendant's trunk. *Id.* at 904. Here, Krause issued a directive when he stated, "let's have a look and I'll get you on your way," followed by "sound good?" which is not a request for consent. But rather, seeks an opinion about Krause's directive.

**<u>CONCLUSION</u>**

WHEREFORE, Wallace respectfully requests this Court grant the instant motion and suppress any and all evidence seized from Wallace's car because it was seized in violation of the Fourth Amendment.

Respectfully submitted,

ROSENBLUM, SCHWARTZ AND FRY, PC

By:           /s/ *Joel Schwartz*_____
                               JOEL SCHWARTZ, 39066MO
                               Attorney for Defendant
                               120 S. Central Avenue, Suite 130
                               Clayton, Missouri 63105
                               (314) 862-4332/Facsimile (314)862-8050
                               Email: jschwartz@rsflawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 20, 2022, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Mr. William Scharf, Assistant United States Attorney.